## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CARLA T. MARTINES,**

       **Plaintiff,**

**vs.**                                                      **Civil No. 04-0526 RLP**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Carla T. Martines brings this action pursuant to §42 U.S.C.  405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff contends that Defendant improperly discredited her subjective complaints and posed an  inaccurate hypothetical question to a vocational expert.  As explained in more detail below, the court rejects Plaintiff's arguments and affirms defendant's decision.

### *I.  Procedural Background*

Plaintiff filed a claim for disability benefits in 1993.  That claim was denied at the initial level of administrative review on October 14, 1993. The denial was not appealed.  The claims at issue in this appeal were filed on March 20, 1995.

Plaintiff's first hearing related to her 1995 request for benefits resulted in a denial (Tr. 12-15), that was reversed by the District Court for the District of New Mexico, with instructions to consider an alleged mental impairment, obtain a consultative psychological examination, correct errors made

by the vocational expert and submit appropriate hypothetical questions to the vocational expert[1]. (Tr. 230-237).

Plaintiff's second hearing before an Administrative Law Judge resulted in a denial of benefits (Tr. 441-468), that was reversed by the District Court for the District of New Mexico, with instructions to reevaluate Plaintiff's credibility, more precisely document that reevaluation, and to conduct such additional proceedings as necessitated by the credibility determination.[2] (Tr. 542-551).

Plaintiff's third hearing before an Administrative Law Judge was held on October 9, 2003. The ALJ denied Plaintiff's applications in decision dated April 22, 2004. Thereafter Plaintiff filed suit in this court seeking reversal of that decision.

## II.     _Standard of Review_.

Judicial review under §42 U.S.C. 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards. *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir.2001) (*citing Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir.1994)). The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (q*uoting Castellano*, 26 F.3d at 1028). In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of the defendant.

---

[1]This hearing was held on June 16, 1996. The ALJ's decision denying her claims was dated December 16, 1996. The District Court Order of Reversal and Remand was entered June 11, 1999.

[2]This hearing was held on November 15, 2000. The ALJ's decision denying her claim was dated February 15, 2001. The District Court's Order of Reversal and Remand was entered November 1, 2002. The District Court held that the Commissioner's determination that Plaintiff's alleged mental impairment was not severe was supported by substantial evidence, and reached through the application of correct legal principles. That issue will not be revisited here.

*Id.*

### III.     *Factual Background*

Plaintiff was born in 1957.   She contracted polio as an infant, and suffers from residuals of that disease. She is a high school graduate with additional vocational training and experience as a medical secretary and as a phlebotomist. She is divorced and lives with her mother and teen-aged son. She contends that she became disabled as of January 12, 1992, due to low back pain, hip pain, periodic leg numbness, difficulty walking, sitting and standing for extended periods, trouble concentrating and drowsiness caused by prescription pain medications, Darvon and Valium.   At hearings before administrative law judges, and at a psychological evaluation in 2000, she also complained of pain induced fatigue.

Plaintiff was evaluated by Dr. G.T. Davis in connection with her 1993 claim for benefits.   He noted her complaint of back and hip pain which she stated made walking and standing difficult.   Dr. Davis' examination documented physical residuals of polio, including her limp, use of a leg brace, inability to walk on heels and toes, leg length discrepancy, wasting of the right calf, severe wasting of the right thigh, slight scoliosis, equinus deformity of the right foot, discomfort in the low back and left hip with forward bending, decreased sensation of the right leg, and no motor function below the right knee. (Tr. 136).  Based on history and physical examination, Dr. Davis stated that Plaintiff's ability to stand and walk was probably limited to thirty to sixty minutes at a time, that she could be on her feet 2-4 hours in an eight hour day, depending on her symptoms and that her ability to sit was not diminished.  He also stated that she could lift and carry 15-20 pounds for short distances, and 5-10 pounds more frequently.  (Tr. 137).

Dr. Donna Deming evaluated Plaintiff on June 12, 1995.  At that time Plaintiff stated she

could sit for an hour, walk for 20 minutes and stand for 30 minutes at a time before her left hip started bothering her (Tr. 140) and that she limited her lifting, but could lift a gallon of milk in each hand.  On physical examination, Dr. Deming observed the same physical problems noted by Dr. Davis:  deformity of the right foot, right foot drop, muscle wasting of the right leg, absence of muscle function below the right knee, scoliosis attributable to weakness and abnormal positioning of the right leg.  She did not give any opinions regarding Plaintiff's functional capabilities.

Plaintiff was evaluated by Frederick Sherman, M.D., an orthopedic surgeon, on April 29, 1996.  She told him  that she had been unable to work because of "increasing pain and inability to stand for an extended period."  (Tr. 182).  Dr. Sherman described Plaintiff's foot deformity which caused  her to walk on the side of her right foot with  resulting pain, callus formation and an inability to obtain a proper fit of her leg/foot brace.  Dr. Sherman observed, "[s]he has had no recent treatment and is basically running out of steam as she gets older, the energy requirements for ambulation become greater and her deformities catch up with her."  (Tr. 182).  Dr. Sherman recommended corrective triple arthrodesis (fusion), in order to stabilize Plaintiff's foot.  Dr. Sherman stated:

> I think the surgical stabilization will keep Ms. Martinez's (sic) independently ambulatory for some period of time, although I am concerned that given her degree of disability, that at some point at least for long distances (the mall, shopping) she may require some type of motorized wheelchair . . . I think some time in the next ten years . . .

(Tr. 183).

Surgery performed in May 1996 successfully positioned Plaintiff's foot, and she has seen no doctors for medical care since that time.  She uses no prescription pain medication. (Tr. 282).

At the October 9, 2003 hearing before an Administrative Law Judge Plaintiff testified that she was unable to work because:

4

I have a lot of back pain.  Left side lower back that spread(s) around to my groin in the front.  My left leg gets numb.  I have a hard time sitting - - I can push myself to sit for an hour but anything longer than that I've got to stand up and walk around for a little bit.  And I have a hard time standing up for any period than a half and hour.

\*\*\*

I'm tired all the time.  Just fatigued all the time and I have a lot of trouble sleeping at night.  I'm up and down two or three times a night . . . (with back) pain.

(Tr. 589-590).

She further  testified that she could lift a 5lb. bag of potatoes but not her 11 lb. grandson, climb stairs, kneel, bend over to pick something up, and that she would lay down two  to three times a day for an hour to alleviate her fatigue.  (Tr. 593-595).  She stated that she had not seen a doctor since her foot surgery because she could not  afford to go, and that she took over-the-counter medication (aspirin or Ibuprofen) every 5 hours which relieved her pain "a little bit sometimes."  (Tr. 592).

The ALJ posed the following hypothetical question[3] to a Vocational Expert:

Let's assume a hypothetical individual with the following functional restrictions. (She) would be able to occasionally lift up to 15 to 20 pounds and would be able to carry it for short distances. . . able to carry five to 10 pounds frequently and carry that weight for a short distance as well. . . (She) would be limited in standing and walking to up to – let's see, two to four hours in an eight hour day and would be limited to 30 minutes to an hour at a time.  Sitting is not impaired.  She could go up and down a short flight of stairs. . . with a railing. . . (she) could  occasionally bend and stoop. . . (and) should avoid kneeling, crouching, and crawling.

\* \* \*

(assume) further that our hypothetical individual is the same age with the same vocational and educational experience as our Claimant.

(Tr. 598-599).

The vocational expert testified that such an individual could not perform Plaintiff's prior work but could perform the following sedentary, unskilled  jobs which permitted a sit/stand option:

---

[3]This hypothetical question assumed the functional limitations set out by Dr. Davis in his consultative examination.

5

*Mail sorter addresser* (DOT 209.587-010) of which there were 2,688,000 positions in the national economy and 2,300 in New Mexico.

*Charge account clerk*  (DOT 205.367-014) of which there were 175,000 positions in the national economy and 400 in  New Mexico.

*Surveillance system monitor* or *Gaming monitor* (DOT 379.367-010) of which there were 803,000 positions in the national economy and 1,300 in New Mexico.

(Tr. 599).

## IV.   *The ALJ's Decision*

In her Order of April 22, 2004, denying Plaintiff's claims, the ALJ found that Plaintiff met the qualifications for coverage for disability insurance benefits; that she suffered from severe impairments; that her impairments did not meet or equal a listed impairment; that her allegations regarding symptoms and functional difficulties were not supported by the evidence overall to the disabling degree alleged; that she retained the residual functional capacity for work activities requiring occasional lifting of 20 pounds, more frequent lifting of 10 pounds, a maximum of two hours of standing and walking in an eight hour day for thirty minutes at any one time, occasional bending and stooping but no crouching or crawling, and which permitted the option of alternating sitting, standing and walking throughout the workday as needed; and that based on testimony of a vocational expert, significant numbers of jobs existed in the regional and national economies which Plaintiff's could perform with this residual functional capacity.  (Tr. 322-329).

## V.   *Issues Raised.*

Plaintiff contends that the ALJ's credibility finding is not supported by substantial evidence, and is contrary to law; and that the hypothetical question posed to the vocational expert failed to include all of her limitations.

6

## VI.    *Discussion*.

The criteria for review of the Commissioner's credibility findings are well known. "Credibility is the province of the ALJ." *Hamilton v. Sec'y of Health & Human Serv's*, 961 F.2d 1495, 1499 (10th Cir. 1992).   "Findings as to credibility must be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Id., quoting Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted). The ALJ must explain why specific evidence relevant to each factor supports a conclusion that a claimant's subjective complaints are not credible.  *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *but see Qualls v. Apfel*, 206 F.2d 1368, 1372 (10th Cir. 2000) (*Kepler* does not require formalistic factor-by-factor recitation of evidence.)  If the ALJ's credibility determination is supported by substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *see Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) (q*uoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971), it will not be reversed.  *Kepler* , 68 F.3d at 391.

The ALJ discounted Plaintiff's credibility for these stated reasons:

*--Plaintiff's testimony that her pain was worse now than ever before is inconsistent with Dr. Sherman's opinion that her foot was well positioned, her surgery was successful, and she could be fitted with a foot brace.*

Dr. Sherman indicated that prior to surgery, Plaintiff's foot deformity prevented her brace from fitting properly, and that walking on the side of her foot with an ill-fitting brace exacerbated her pain. (Tr. 182). Plaintiff testified that surgery worked out "pretty good," (Tr. 34).  After surgery she was able to wear a leg brace.  (Tr. 298).

*--Plaintiff's testimony that her pain was worse now than ever before is inconsistent with her failure to make this complaint to any doctor.*
*--Although Plaintiff testified to persisting problems due to fatigue requiring her to*

7

*nap several times a day for an hour at a time, no treating doctor has advised that she has a residual problem requiring napping during the day.*
*--Plaintiff has not found it necessary to visit any physician since her foot surgery in 1996.*
*--Plaintiff takes only over the counter medication, and has not sought prescription medication to relieve her pain.*

The ALJ applied correct legal principles in discounting Plaintiff's credibility based on her limited medical treatment, and her use of only non-prescription pain medication. "[T]he extensiveness of attempts [medical or nonmedical] to obtain relief [and] the frequency of medical contacts" are relevant factors in evaluating the plaintiff's subjective pain complaints. *Kepler*, 68 F.3d at 391.

Plaintiff argues that doctors will not provide her with prescription pain medication because she is a former drug abuser. There is no support in the medical record for this argument. Plaintiff was prescribed Valium and Darvon while taking Methadone (Tr. 134), and was given prescriptions for Tylenol #3, Darvocet N 100 and Vistaril following her foot surgery. (Tr. 181).

*Although Plaintiff testified that she could not afford to see a doctor or to take prescription medication, she did not allege that she had ever sought or been denied free or low cost treatment.*

Failure to seek low cost or free medical care is an appropriate consideration in the evaluation of credibility. *Allen v. Apfel*, 54 F. Supp. 2d 1056, 1965 (D. Kan. 1999).

I find that the ALJ adequately supported her credibility findings with substantial evidence and that she applied correct legal principles.

Plaintiff contends that the ALJ erred by failing to include in the hypothetical question to the vocational expert limitations from fatigue and her limited ability to sit.

Hypothetical questions to a vocational expert must reflect with precision all of a claimant's impairments. S*ee Hargis v. Sullivan*, 945 F.2d 1482,1492 (10th Cir. 1991). Those impairments,

however must be born out in the evidentiary record.  *Evans v. Chater*, 55 F.3d 530, 535 (10th Cir.
1995).  A claimant's testimony alone cannot establish a nonexertional impairment.  *See Talley v.
Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (per curiam) (subjective complaints alone insufficient
to establish disabling pain).  Dr. Sherman indicated in 1996 that he expected that surgery would keep
Plaintiff independently ambulatory many years, but that at some point within ten years she might
require a motorized wheel chair for long distances. (Tr. 183).  This future limitation in ability to walk
long distances does not equate to present disabling fatigue.  Substantial evidence supports the ALJ's
rejection of Plaintiff complaints of fatigue, and the ALJ was therefore not required to include fatigue
in the hypothetical to the vocational expert.

Plaintiff also contends that the ALJ's hypothetical question to the vocational expert was
legally inadequate, because it failed to specify the frequency of Plaintiff's need to alternate sitting and
standing. The hypothetical question posed to the ALJ did not include any sitting limitation[4].  The
vocational expert, who was present during Plaintiff's testimony,  included  a sit/stand option in all of
the jobs she identified as within Plaintiff's residual functional capacity.  The ALJ incorporated a
sit/stand option in her residual functional capacity finding, apparently crediting to some extent
Plaintiff's testimony that she had to change position in order to control her pain complaints.  Social
Security Ruling 96-9p requires that the "RFC assessment . . . be specific as to the frequency of the
individual's need to alternate sitting and standing."  SSR 96-9p, 1996 WL 374185, *7 (July 2, 1996).
The ALJ found that Plaintiff would need the option of alternating sitting, standing and walking

---

[4]There is no medical evidence supporting an inability to sit. At her first consultative examination in
1993, Dr. Davis reported that Plaintiff stated she had no difficulty sitting, and following physical
examination he indicated that her ability to sit was not impaired.  (Tr. 135-138).  Dr. Sherman in 1996
noted Plaintiff's complaints of increasing pain and inability to stand, but did not refer to any limitation with
regard to sitting.  (Tr. 182-183).

throughout the workday as needed.  This assessment comports with the requirements of SSR 96-9p, and is consistent with Plaintiff's testimony that she could "sit for an hour but anything longer than that I've got to stand up and walk around for a little bit."  (Tr. 589).

***Conclusion***.

For these reasons, Plaintiff's Motion to Reverse and Remand is denied, and the decision of the Commissioner denying Plaintiff's application for Disability Income Benefits and Supplemental Security Income is affirmed.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)